ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MABEL M. BONILLA RODRÍGUEZ Y MABEL A. RODRÍGUEZ CORIANO | | |
|---|---|---|
| Peticionarias | TA2025CE00444 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
| Ex Parte | | Caso Núm.: MZ2023RF00418 |
| | | Sobre: Declaración de Incapacidad y Nombramiento de Tutor |

Panel integrado por su presidente, el Juez Adames Soto, la Jueza Santiago Calderón y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2026.

Compareció la Sra. Mabel M. Bonilla Rodríguez (en adelante, "señora Bonilla Rodríguez" o "peticionaria") mediante el recurso de *Certiorari* de epígrafe. Nos solicitó la revisión de la *Orden* emitida y notificada el 21 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "foro de instancia"). En la aludida determinación, el foro de instancia denegó una solicitud de pago a favor de la señora Bonilla Rodríguez por los pagos que efectuó de su propio peculio en beneficio del incapaz.

Por los fundamentos expuestos a continuación, se **revoca** la *Orden* recurrida y se **devuelve** el caso al foro de instancia para sea atendido conforme a lo aquí resuelto.

**-I-**

El 6 de julio de 2023, la señora Bonilla Rodríguez y su madre, la Sra. Mabel Antonia Rodríguez Coriano, presentaron una *Petición*[2] sobre la declaración de incapacidad y nombramiento de un tutor

---

[1] Véase, *Orden Administrativa OAJP-2021-086* de 21 de febrero de 2025, sobre casos relacionados.
[2] SUMAC-TPI, entrada núm. 1.

para el señor Bonilla Coriano. Alegaron que el señor Bonilla Coriano no tenía capacidad para regir su persona y administrar sus bienes y tomar decisiones informadas sobre estos. Además, solicitaron que se nombrara tutor del presunto incapaz a su hija, la señora Bonilla Rodríguez.

El 9 de agosto de 2023, el señor Bonilla Rodríguez y su hermana, la Sra. Ana Bonilla Rodríguez presentaron su *Contestación a petición y oposición a nombramiento de tutor*.[3] Allí ambos se opusieron al nombramiento de su hermana, la señora Bonilla Rodríguez, como tutora legal del señor Bonilla Coriano. A su vez, solicitaron la declaración de incapacidad de este último y que el señor Bonilla Rodríguez fuese nombrado su tutor legal.

El 12 de octubre de 2023, el foro de instancia le ordenó al Banco Popular de Puerto Rico que congelara los activos y transacciones de la cuenta bancaria que termina en número 6148 a nombre del señor Bonilla Coriano.[4] Posteriormente, el 7 de noviembre de 2023, el foro de instancia emitió una *Orden*[5] mediante la cual le ordenó al Banco Popular de Puerto Rico que sometiera un informe sobre el balance de referida cuenta bancaria y que consignara la cantidad total de dinero en el Tribunal.

En igual fecha, el foro de instancia le ordenó a la Corporación Gabso Incorporated lo siguiente: (i) someter un informe sobre el balance de los dividendos no pagados al señor Bonilla Coriano y, a su esposa, la Sra. Mabel Antonia Rodríguez Coriano; y (ii) consignar la cantidad de dividendos que le corresponden al señor Bonilla Coriano en una cuenta del Tribunal.[6]

En cumplimiento de orden, el 1 de diciembre de 2023, Gabso Incorporated sometió un informe de dividendos y consignó la

---

[3] *Id.,* entrada núm. 15.
[4] *Id.,* entrada núm. 56.
[5] *Id.*, entrada núm. 85.
[6] *Id.*

cantidad de $32,844.00 por los dividendos correspondientes al señor Bonilla Coriano.[7]

El 26 de marzo de 2024, Banco Popular de Puerto Rico consignó en el Tribunal la cantidad de $43,691.01 que tenía de balance la cuenta bancaria que termina en número 6148 a nombre del señor Bonilla Coriano.[8]

El 12 de abril de 2024, el foro de instancia emitió una *Orden*[9] en la cual ordenó al Banco Popular de Puerto Rico a reactivar la cuenta que termina en número 6148 perteneciente al señor Bonilla Coriano para que continúen los depósitos prevenientes de su seguro social.

Tras la celebración del juicio en su fondo, el foro de instancia emitió *Sentencia*[10] el 12 de agosto de 2024, notificada el 19 de agosto de 2024, mediante la cual declaró incapaz al señor Bonilla Coriano para administrar sus bienes y persona; y nombró tutores legales a sus hijos, la señora Bonilla Rodríguez y el señor Bonilla Rodríguez.

Inconforme, el 24 de septiembre de 2024, la señora Bonilla Rodríguez presentó un recurso de apelación con alfanumérico KLAN202400984 ante el Tribunal de Apelaciones.[11]

Aún pendiente el recurso de apelación, el 20 de marzo de 2025, la señora Bonilla Rodríguez instó *Moción Informativa y en solicitud*[12] en el foro de instancia. Argumentó que, desde enero de 2024 hasta febrero de 2025, pagó $48,127.35 por todos los gastos del incapaz con su propio peculio. Por lo cual, solicitó un reembolso de esa cantidad y que esta fuera pagada del dinero consignado en el Tribunal. Además, solicitó que se le entregara el resto del dinero consignado, así como los fondos depositados en el Banco Popular de

---

[7] *Id.,* entradas núm. 98 y 99.
[8] *Id.,* entradas núm. 145 y 146.
[9] *Id.,* entrada núm. 148.
[10] *Id.,* entrada núm. 170.
[11] *Id.,* entrada núm. 194.
[12] *Id.,* entrada núm. 202.

Puerto Rico, con el propósito de crear una nueva cuanta bancaria a nombre y a beneficio del incapaz.

El 30 de marzo de 2025, el señor Bonilla Rodríguez presentó *Réplica a moción informativa y en solicitud[13]*, mediante la cual argumentó que la Sociedad Legal de Gananciales era responsable de sufragar los gastos del incapaz. Además, sostuvo que la señora Bonilla Rodríguez solicitó el traslado del incapaz de un cuarto compartido en un hogar de envejecientes, con un costo mensual de $1,600.00, a un cuarto privado, con un costo mensual de $3,200.00. Luego, la señora Bonilla Rodríguez trasladó al incapaz a otro hogar de envejecientes, cuyo costo mensual es mayor que el anterior. Por tanto, afirmó cualquier pago efectuado por la señora Bonilla Rodríguez en beneficio del incapaz obedeció un acto de mera liberalidad. En alternativa, reiteró que corresponde a la Sociedad Legal de Gananciales asumir el pago de cualquier suma que la señora Bonilla Rodríguez logre acreditar que desembolsó.

Al día siguiente, el Procurador de Asuntos de Familia presentó *Informe Fiscal[14]*, en el que expresó que el incapaz cuenta con el peculio suficiente para sufragar los pagos solicitados, en virtud de su participación y los dividendos que percibe de la Corporación Gabso Incorporated. Sin embargo, afirmó que existe una obligación de la Sociedad Legal de Gananciales de velar por el bienestar y calidad de vida del incapaz, ya que tiene la capacidad económica. Por último, señaló que no se sometió evidencia del reembolso solicitado, tales como recibos, facturas o comprobantes de pagos.

Ante esto, el 2 de abril de 2025, el foro de instancia resolvió que no procedía el reembolso solicitado.[15]

---

[13] *Id.,* entrada núm. 204.
[14] *Id.,* entrada núm. 205.
[15] *Id.,* entrada núm. 209.

En desacuerdo, el 4 de abril de 2025, la señora Bonilla Rodríguez presentó *Moción de reconsideración*, en la cual aclaró que el dinero consignado en el Tribunal y los fondos congelados en la cuenta del Banco Popular de Puerto Rico son bienes gananciales. Por lo que, sostuvo que procede el reembolso a su favor, ya que sufragó los gastos del incapaz con su propio peculio.

En consecuencia, el 1 de mayo de 2025, el foro de instancia le ordenó a la señora Bonilla Rodríguez que presentara evidencia de los pagos realizados.[16]

El 14 de mayo de 2025, la señora Bonilla Rodríguez presentó *Moción en cumplimiento de orden*, en la cual anejó la evidencia de los pagos realizados en beneficio del incapaz.[17]

El 30 de mayo de 2025, el foro de instancia resolvió lo siguiente:

> EL TRIBUNAL HA EVALUAD[O] LOS ESCRITOS Y ANEJOS SOMETIDOS, SE DETERMINA QUE AUN CUANDO SE HAYAN HECHO LOS PAGOS POR PARTE DE LA TUTORA MABEL MONSERRATE BONILLA RODRIGUEZ, ESTA DEBE PRESENTAR LA SOLICITUD DE REMBOLSOS A LA SOCIEDAD LEGAL DE GANANCIALES. LO ANTES EXPRESADO NO CONSTITUYE UNA ADJUDICACI[Ó]N DE LA PROCEDENCIA DE LOS GASTOS Y DE SI CORRESPONDEN O NO.
>
> POR LO TANTO, EL TRIBUNAL NO EMITIR[Á] ORDEN A TALES FINES.[18]

El 1 de agosto de 2025, la señora Bonilla Rodríguez presentó *Moción informativa*[19], mediante la cual adjuntó el *Informe de Cuentas de Tutela (OAT-1463)*. En igual fecha, presentó *Moción en solicitud*[20], en la que reiteró su solicitud de reembolso por los gastos pagados en beneficio del incapaz.

Ese mismo día, el foro de instancia aprobó el Informe de Cuentas de Tutela presentado por la señora Bonilla Rodríguez.[21]

---

[16] *Id.,* entrada núm. 212.
[17] *Id.,* entrada núm. 213.
[18] *Id.,* entrada núm. 215.
[19] *Id.,* entrada núm. 224.
[20] *Id.,* entrada núm. 225.
[21] *Id.,* entrada núm. 226.

Luego, el 21 de agosto de 2025, el foro de instancia mediante *Orden* resolvió la solicitud de reembolso como sigue:

> NO HA LUGAR. PARTE PETICIONARIA DEBE SOMETER ACCI[Ó]N CIVIL INDEPENDIENTE TODA VEZ QUE ESTE CASO ES DE DECLARACI[Ó]N DE INCAPACIDAD. LO EXPUESTO EN ESTE CASO NO PUEDE SER ADJUDICADO.[22]

Inconforme, el 12 de septiembre de 2025, la señora Bonilla Rodríguez acudió ante nos mediante el recurso de epígrafe y señaló la comisión de los errores siguientes:

A. Primer Error:
> "ERRÓ EL TPI AL DICTAMINAR QUE LA AQUÍ RECURRENTE, TUTORA, DEBE RADICAR UNA ACCIÓN CIVIL INDEPENDIENTE PARA SOLICITAR UN REEMBOLSO DE LOS PAGOS REALIZADOS POR ESTA A BENEFICIO DEL INCAPAZ Y QUE YA FUERON APROBADOS POR EL TPI CMO CORRECTOS."

B. Segundo Error:
> "ERRÓ EL TPI AL NO ACCEDER A LA SOLICITUD DE LA TUTORA DE QUE SE LE REEMBOLSEN LOS GASTOS INCURRIDOS POR ESTA A BENENFICIO DEL INCAPAZ AUN HABIENDO DINERO CONSIGNADO EN LA UNIDAD DE CUENTAS DEL TPI DE MAYAGÜEZ, DINERO A NOMBRE DEL INCAPAZ QUE TOTALIZA LA CANTIDAD DE $78,341.00."

Por su parte, el 14 de octubre de 2025, la Procuradora de Asuntos de Familia instó *Escrito en Cumplimiento de Resolución.*[23] En esencia, argumentó que la solicitud de reembolso debió ser considerada por el foro de instancia como una solicitud de autorización judicial sobre retiro de fondos que están consignados en el caso sobre declaración de incapacidad. Por lo cual, sostuvo que no procede la presentación de un pleito independiente.

Transcurrido el término dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 60-61, 216 DPR __ (2025), para que el señor Bonilla Rodríguez presentara su alegato en oposición al recurso de epígrafe, no compareció, por lo que damos por perfeccionado el recurso. Así pues, procedemos a

---

[22] *Id.,* entrada núm. 229.
[23] SUMAC-TA, entrada núm. 3.

exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Ejercicio de la tutela**

Nuestro ordenamiento jurídico establece una presunción de capacidad de aquella persona natural mayor de edad, de obrar por sí misma. Artículo 100 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5601. Tal presunción puede ser rebatida solo con una sentencia de incapacitación absoluta o de restricción parcial de capacidad conforme a las causas y extensión que reconoce la ley. *Id* Una persona natural puede tener incapacidad absoluta o parcial, no obstante, en ambos casos se requiere cuente con el nombramiento de un tutor para que la asista y represente en los asuntos ordinarios y legales de su vida. Artículo 101 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5611. Para ello, "cualquier pariente con plena capacidad de obrar que tenga derecho a sucederle" puede solicitar la declaración de incapacitación absoluta o parcial de una persona mayor de edad. Artículo 110 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5631.

En ese sentido, la figura jurídica de la tutela "confiere a una persona natural o jurídica la autoridad para representar y asistir a otra que, sin estar sujeta a la patria potestad, tiene restringida la capacidad de obrar por razón de su minoridad o por las causas que declara la ley". Artículo 122 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5661. El propósito de esta figura es "la guarda y representación de una persona incapaz y la administración de sus bienes, o solamente dicha administración, según las limitaciones que determine la sentencia y las exigencias del régimen tutelar al que queda sometida". *Id.* Además, sus funciones constituyen un deber, en beneficio del tutelado y bajo la salvaguarda de la autoridad judicial. *Id.*

Ahora bien, nuestro sistema judicial establece ciertas obligaciones a los tutores, a saber:

    (a) ejercer la tutela con la diligencia propia de una persona prudente y razonable que exijan las circunstancias particulares de su cargo;
    (b) rendir cuentas periódicas sobre el desarrollo de su gestión en el plazo y condiciones que ordena la sentencia;
    [...]
    (f) dirigir y asistir a la persona que hará el inventario y el avalúo de los bienes a que se extiende la tutela, dentro del plazo que señale el tribunal; y
    (g) rendir las cuentas periódicas y las finales, al terminar el cargo.

Artículo 158 de Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5723.

Adicional a lo anterior, a los tutores se le impone el deber de "realizar cualquier gestión que convenga al interés óptimo del tutelado y que agilice la atención de sus asuntos personales y económicos". Artículo 164 (f) de Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5729. No obstante, los tutores necesitan autorización judicial previa y expresa para realizar ciertas actuaciones, a saber:

    [...]
    (b) enajenar los bienes muebles del tutelado cuyo valor exceda los dos mil (2,000) dólares; hacer gastos extraordinarios en las fincas cuya administración comprende la tutela; o retirar de su colocación cualquier capital que produzca intereses o rendimiento periódico;
    [...]
    (d) cobrar los créditos que le correspondan o utilizar, para su beneficio o de terceras personas, bienes y valores pertenecientes al tutelado;
    [...]

    El tutor presentará prueba de la necesidad, la utilidad y la conveniencia del acto para la persona o el patrimonio del tutelado.

Artículo 165 de Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5730.

Cónsono a lo expuesto previamente, el Código de Enjuiciamiento Civil de Puerto Rico establece lo siguiente:

    En todos los casos en que según el Código Civil necesitan los padres o el tutor de un menor o incapaz autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes, deberá presentarse la oportuna solicitud a la sala competente del Tribunal de Primera Instancia [...]

Artículo 614 del Código de Enjuiciamiento de Puerto Rico de 1933, 32 LPRA sec. 2721.

Incluso, se estableció el procedimiento que debe llevar a cabo el foro de instancia para atender esa solicitud de autorización judicial de los tutores, a saber:

> Presentada en forma la solicitud, el tribunal señalará día para la práctica de las pruebas relativas a los hechos alegados, debiendo el acto verificarse en corte abierta, o en el despacho del juez, si el tribunal estuviere en vacaciones, con asistencia del fiscal que intervendrá en el asunto para la vigilancia de los derechos del menor o incapaz.
> Las pruebas documentales deberán comprender la demostración de la patria potestad o de la tutela, y, si la autorización versase sobre bienes inmuebles, los títulos de propiedad y la tasación de los bienes a los efectos del pago de contribuciones, si estuvieren sujetos a ellas.
> Cuando lo estime conveniente, el juez podrá de oficio hacer comparecer y examinar, acerca de los hechos y alegaciones del solicitante, a los parientes más próximos del menor o incapaz hasta el cuarto grado civil por consanguinidad y segundo por afinidad, que residan en el Estado Libre Asociado, o a cualquier otra persona que pueda contribuir al mejor esclarecimiento de los hechos.
> [...]
> Practicadas éstas, el juez concederá o negará la autorización pedida, de acuerdo con el resultado de las pruebas [...]

Artículo 615 del Código de Enjuiciamiento de Puerto Rico de 1933, 32 LPRA sec. 2722.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el expediente de autos, la apelante esbozó dos (2) señalamientos de error, los cuales se atenderán en conjunto por estar relacionados entre sí. En esencia, alegó que el foro de instancia erró al denegar su solicitud de reembolso por los pagos que realizó en beneficio del incapaz bajo el fundamento de que procedía presentar una causa de acción independiente a esos efectos, toda vez que había un dinero consignado en el Tribunal. Tiene razón, veamos.

Consta que, en el caso ante nuestra consideración, el foro de instancia concedió la declaración de incapacidad del señor Bonilla Coriano. Además, nombró a dos de sus hijos —la señora Bonilla Rodríguez y al señor Bonilla Rodríguez— como tutores del ahora

incapaz. De igual forma, se desprende del expediente que, por orden judicial, el incapaz tiene $76,535.01 aproximadamente consignado en el Tribunal. Trascurrido un periodo de tiempo, la señora Bonilla Rodríguez solicitó al foro de instancia un reembolso por unos alegados pagos que efectuó en beneficio del incapaz. Alegó, a su vez, que procedía pagar el reembolso con el dinero ganancial consignado en el Tribunal.

De acuerdo con el derecho expuesto en el acápite II de esta *Sentencia,* los tutores deben obtener autorización judicial previa y expresa para realizar cualquier transacción sobre bienes muebles cuyo valor exceda de $2,000.00. 31 LPRA sec. 5730. Asimismo, necesitan dicha autorización para cobrar cualquier crédito que sea para su propio beneficio. *Id.* A esos efectos, nuestro ordenamiento jurídico requiere que los tutores presenten una solicitud oportuna ante el foro de instancia competente para realizar aquellos actos que requieren autorización judicial. 32 LPRA sec. 2721. Además, se ha establecido que, una vez presentada dicha solicitud, el foro de instancia deberá señalar una vista evidenciaria en la que el tutor tendrá la oportunidad de presentar la prueba documental que estime pertinente. *Id.* Realizado lo anterior, el tribunal estará en posición de conceder o negar la autorización solicitada. *Id.*

Sin embargo, al examinar el expediente, advertimos que el foro de instancia, al recibir la solicitud de reembolso, la denegó sin mayor trámite. Esto es, sin celebrar vista alguna ni brindar a las partes la oportunidad de presentar la prueba documental que entendieran pertinente. Nótese que, tras evaluar una moción de reconsideración, dicho foro ordenó a la apelante presentar evidencia de los pagos alegadamente efectuados en beneficio del incapaz. Posteriormente, concluyó que la apelante debía presentar la solicitud de reembolso directamente ante la Sociedad Legal de Gananciales. Ante ello, la apelante reiteró su solicitud y presentó su *Informe de Cuentas de*

*Tutela (OAT-1463).* Adviértase que, aunque el foro de instancia aprobó el referido informe, denegó nuevamente la solicitud de reembolso por entender que correspondía instarla mediante una causa de acción independiente al presente caso de declaración de incapacidad.

A la luz del derecho aplicable al caso de epígrafe, colegimos que no existe ningún impedimento legal para que se atienda la solicitud de reembolso como una solicitud de autorización judicial en el caso de epígrafe, en el cual se ventilan asuntos tutelares del incapaz, se aprueban los informes anuales y se encuentra consignado el dinero del incapaz. Por tanto, al no haberse atendido el asunto de referencia conforme a derecho, resulta prudente devolver el caso al foro de instancia para la celebración de una vista sobre la autorización judicial para evaluar la solicitud de reembolso presentada por la apelante. En dicha vista deberá desfilarse prueba dirigida a demostrar la necesidad de los gastos incurridos en beneficio del incapaz. Concluimos que este curso de acción promueve una solución justa, rápida y económica del caso.

**-IV-**

Por los fundamentos antes expuestos, se **revoca** la *Resolución* recurrida. En consecuencia, se **devuelve** caso para que el tribunal *a quo* celebre una vista sobre la autorización judicial con el fin de determinar si procede el reembolso de los pagos alegadamente efectuados en beneficio del incapaz.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones